IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICARDO YOUNG., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. RDB 08-3349 |
| | * | |
| UNITED STATES OF AMERICA, *et al.,* | * | |
| | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Ricardo Young, proceeding *pro se*, filed the instant Complaint in the Circuit Court of Maryland for Anne Arundel County against Robert C. Parsons, the Academy Business Services Division of the United States Naval Academy, the United States Department of the Navy, Vice Admiral Jeffrey L. Fowler, Phillip R. Allison, and Roger Schertzer.  On the civil cover sheet to his Complaint, Plaintiff checked boxes for claims of wrongful discharge, malicious prosecution, and civil rights, and he added on his own a claim for "defamation of character."  Plaintiff's claims are based on his previous employment at the Naval Academy. After the Defendants removed the case to this Court, they filed a Motion to Substitute the United States as the Sole Defendant and Motion to Dismiss (Paper No. 11).[1]  No hearing is necessary.

---

[1]      Also pending are two motions filed by Plaintiff that are titled as "Motions to Admit into Evidence Materials."  (Paper Nos. 25, 26.)  Plaintiff previously filed a substantially similar motion (Paper No. 14), which this Court denied, writing that:

> This Court rejects Young's Letter Request because discovery is not permissible at this juncture.  Local Rule 104(4) provides that "[u]nless otherwise ordered by the Court or agreed upon by the parties, discovery shall not commence and disclosures need not be made until a scheduling order is entered."  No scheduling order has been entered in this case because on January 5, 2009, the

*See* Local Rule 105.6 (D. Md. 2008).  For the reasons set forth below, the Defendants' Motion is

GRANTED.[2]

## BACKGROUND

Although the allegations in Plaintiff's *pro se* Complaint are difficult to comprehend, it

appears that at least the following is alleged to have occurred.  Plaintiff was formerly employed

as an Equipment Manager for the Naval Academy's Laundry Service, which functions as part of

the Naval Academy Business Services Division ("NABSD").  The Complaint alleges that,

sometime after Plaintiff was placed on administrative leave in February 2007, a hearing took

place to discuss allegations that Plaintiff inappropriately used his government-issued computer.

Plaintiff contends that during the hearing, several employees of the Naval Academy "committed

perjury" and falsified information in order terminate Plaintiff's employment.  Plaintiff has

requested reinstatement, back pay, child support payments, $200,000 for the home he previously

owned (and which he apparently lost after he was terminated from employment), and $30 million

in unspecified damages.

On September 26, 2008, Plaintiff filed the instant complaint in the Circuit Court of

Maryland for Anne Arundel County.  The civil cover sheet attached to Plaintiff's *pro se*

Complaint indicates that he is pursing four different claims for relief: wrongful discharge,

---

government filed a Motion to Substitute the United States as the Sole Defendant
and Motion to Dismiss, or Alternatively, for Summary Judgment (Paper No. 11).
Because of the dispositive nature of the government's motion, it is not
appropriate at this time to enter a scheduling order that would permit discovery
to commence.

(Paper No. 16).  The same reasoning applies to the two pending motions, and they are likewise DENIED.

[2]     Because Defendants' Motion to Substitute the United States as the Sole Defendant will be granted, this case
has been recaptioned to name the United States and Robert M. Gates, Secretary of the United States Department of
Defense.

defamation of character, malicious prosecution, and civil rights.  Plaintiff never filed an

administrative claim under the Federal Tort Claims Act ("FTCA") for any of the torts cited in the

complaint, nor did he ever file an EEO complaint for any alleged discrimination.  This action

was removed to this Court on December 11, 2008 pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C.

§ 1442(a).

## DISCUSSION

### I.     Substitution of Proper Party

#### A.     Common Law Tort Claims

Because Plaintiff's wrongful discharge, malicious prosecution, and defamation claims

arise under state tort law, this Court must substitute the United States as the sole defendant in this

case in accordance with the Federal Tort Claims Act ("FTCA").  As to the individual

Defendants, *i.e.* Defendants Robert Parsons, Jeffery Fowler, Phillip Allison, and Roger

Schertzer, the FTCA provides that:

> Upon certification by the Attorney General that the defendant
> employee was acting within the scope of his office or employment
> at the time of the incident out of which the claim arose, any civil
> action or proceeding commenced upon such claim in a State court
> shall be removed . . . [and] [s]uch action or proceeding shall be
> deemed to be an action or proceeding brought against the United
> States . . . and the United States shall be substituted as the party
> defendant.

28 U.S.C. § 2679(d)(2).  In *Osborn v. Haley*, 549 U.S. 225 (2007), the Supreme Court of the

United States explained that "[u]pon the Attorney General's certification [that the employee 'was

acting within the scope of his office or employment at the time of the incident out of which the

claim arose'], the employee is dismissed from the action, and the United States is substituted as

defendant in place of the employee."  *Id*. at 229-30.

Under 28 C.F.R. § 15.4(a), "[t]he United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment."  On December 12, 2008, the United States Attorney for the District of Maryland, acting on behalf of the Attorney General, certified that all of the individually named defendants were acting within the scope of their respective employments at all times relevant to this action.[3]  (*See* Defs.' Mot. to Dismiss Ex. 7.)  As such, this Court will dismiss all tort claims as to the individual defendants named in the Complaint, *i.e.* Defendants Robert Parsons, Jeffery Fowler, Phillip Allison, and Roger Schertzer, and will substitute the United States on their behalf.  *See Maron v. United States* 126 F.3d 317, 321-22 (4th Cir. 1997); *see also Jones v. Burke*, JFM-05-2358, 2006 WL 1892272 (D. Md. June 21, 2006) (granting motion to substitute United States as defendant based on § 2679(d) certification).

As to the Academy Business Services Division of the United States Naval Academy and the United States Department of the Navy, both of which were also named as Defendants, the FTCA again requires their dismissal and the substitution of the United States as the proper Defendant.  The FTCA mandates that any suit for a tort committed by an employee of the federal government must be asserted against the United States rather than a federal agency by its own name.  *See* 28 U.S.C. § 2674 (permitting FTCA suits to proceed against the United States); 28 U.S.C. § 2679(a) (prohibiting FTCA suits against federal agencies).  An FTCA claim asserted against a federal agency must be dismissed as to the agency.  *See, e.g. Strong v. Dyar,* 573 F. Supp. 2d 880, 884-85 (D. Md. 2008) (dismissing complaint against the United States Air Force

---

[3]      Additionally, Plaintiff agrees that all named defendants were acting within the scope of their employment during the time relevant to his Complaint.  *See* Pl's Resp. at 2.

and holding that "suits brought against a federal agency *eo nomine* or against a federal employee individually are dismissible for lack of jurisdiction").  Pursuant to 28 U.S.C. § 2679(a), this Court will also dismiss Plaintiff's claims against the Academy Business Services Division of the United States Naval Academy and the United States Department of the Navy, substituting the United States as the proper party defendant.

Consequently, as to Plaintiff's wrongful discharge, malicious prosecution, and defamation claims, the FTCA mandates that Plaintiff's claim must proceed only against the United States.[4]  In order to give this *pro se* Plaintiff every reasonable opportunity to articulate his cause of action, this Court will substitute the United States as the sole Defendant.

###    B.    Title VII Claims

In addition to the common law tort claims asserted by Plaintiff, he has also checked the "civil rights" box on the civil cover sheet.  Since submitting the civil cover sheet, however, Plaintiff has made clear that he is not pursuing a civil rights claim, stating in his response to the Defendants' Motion to Dismiss that "[t]his is NOT an EEO issue."  However, even if he were pursuing a Title VII claim, Robert Gates, Secretary of Defense, would be the proper Defendant to this action.  Under 42 U.S.C. § 2000e-16(c), when Title VII claims are made against a federal agency, "the head of the department, agency, or unit, as appropriate, shall be the defendant."  *See Gardner v. Gartman*, 880 F.2d 797 (4th Cir. 1989) (holding that employee of the Department of the Navy was required to name the Secretary of the Navy as defendant in her Title VII action for

---

[4]        Plaintiff states that his claims are not against the United States, and that he wishes for the named defendants to answer to his allegations. *See* Pl.'s Resp. at 3 ("I object to making the entire country or its legal representatives responsible for the wrongs of persons within a service providing entity within it, when they should be man or woman enough to stand up and face charges for their own crimes or mistakes same as I have to be.").  To the extent Plaintiff wishes this Court to address his claims at all, the FTCA mandates that the United States be substituted as the named Defendant.

employment discrimination).  Thus, to the extent Plaintiff's reference to "civil rights" on the

state court civil cover sheet can be construed as alleging a Title VII claim, this Court will dismiss

the claim as to all named Defendants in the Complaint and substitute Robert M. Gates, Secretary

of the United States Department of Defense as the proper defendant. [5]

## II.     Motion to Dismiss

### A.     Standard of Review

#### 1.   Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of

Civil Procedure 12(b)(1) challenges a court's authority to hear the matter brought by a

complaint.  *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005).  A plaintiff carries

the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654

(4th Cir. 1999).  In determining whether jurisdiction exists, the district court "is to regard the

pleadings' allegations as mere evidence on the issue, and may consider evidence outside the

pleadings without converting the proceeding to one for summary judgment."  *Richmond,*

*Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 1157, 1159 (4th Cir. 1991).

Motions to dismiss for lack of subject matter jurisdiction are appropriate where a claim fails to

assert facts upon which jurisdiction may be based.  *See Crosten v. Kamauf,* 932 F. Supp. 676,

---

[5]          Some courts dismiss a complaint which fails to name the proper federal defendant for lack of jurisdiction. *See Gardner v. Gartman*, 880 F.2d 797, 799 (4th Cir. 1989); *Mahoney v. United States Postal Ser.* 884 F.2d 1194, 1196 (9th Cir. 1989).  This course of action is sometimes inappropriate when a *pro se* plaintiff names the wrong defendant.  Instead, some courts have substituted the proper party name as an alternative to dismissing the action. *See Marshburn v. Postmaster General of the United States* 678 F. Supp 1182, 1184 (D. Md), *aff'd,* 861 F.2d 265 (4th Cir. 1988). This approach best comports with the general commitment to analyzing *pro se* claims under a liberal review.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (stating that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (citing *Estelle v. Gamble*, 429 U.S. 97 (1976) (internal quotations omitted))); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

679 (D. Md. 1996).  Where a plaintiff has failed to exhaust administrative remedies before

bringing a claim, the action should be dismissed under Rule 12(b)(1).  *See Khoury v. Meserve,*

268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd* 85 Fed. Appx. 960 (4th Cir. 2004).

### 2.  Failure to State a Claim

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be

dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  *Edwards v. City of Goldsboro*,

178 F.3d 231, 243 (4th Cir. 1999).  Therefore, the court accepts all well-pleaded allegations as

true and construes the facts and reasonable inferences derived therefrom in the light most

favorable to the plaintiff.  *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997).  A

complaint must meet the "simplified pleading standard" of Rule 8(a)(2), *Swierkiewicz v. Sorema

N.A.*, 534 U.S. 506, 513 (2002), which requires only a "short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

Although Rule 8(a)(2) requires only a "short and plain statement," a complaint must

contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The factual allegations

contained in a complaint "must be enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*

Thus, a complaint must allege "enough facts to state a claim to relief that is plausible on its

face."  *Id*. at 570.

While "notice pleading requires generosity in interpreting a plaintiff's complaint[,] . . .

generosity is not fantasy."  *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

In considering a motion to dismiss, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

## B.    Common Law Tort Claims

Plaintiff's common law tort claims must be dismissed for at least two alternative bases. First, Plaintiff's tort claims will be dismissed under 12(b)(1) for a failure to exhaust administrative remedies. Alternately, Plaintiff's defamation claim will be dismissed under 12(b)(6) for failure to state a claim pursuant to 28 U.S.C.§ 2680(h).

### 1.   Failure to Exhaust Administrative Remedies

The Federal Tort Claims Act bars actions in federal court until a claimant has exhausted administrative remedies. *See McNeil v. United States,* 508 U.S. 106, 113 (1993). Thus, a prior administrative claim is a jurisdictional prerequisite and cannot be waived. *See Henderson v. United States,* 785 F.2d 121, 124 (4th Cir. 1986). A plaintiff with an FTCA claim must, within two years of the injury alleged, present his cause of action to the relevant government agency and receive notice of its rejection before filing in federal court. *See* 28 U.S.C. § 2675(a);[6] 28 U.S.C § 2401(b). If a plaintiff files suit without bringing a prior administrative claim, the subsequently-filed action must be dismissed under Rule 12(b)(1) for a failure to exhaust administrative remedies. *See Ahmed v. United States,* 30 F.3d 514, 516 (4th Cir. 1990); *see also Jones*, 2006 WL 1892272, at *1 (dismissing claim pursuant to Rule 12(b)(1) for failure to

---

[6]     Section 2675(a) states in part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

exhaust administrative remedies as required by 28 U.S.C. § 2675).

In the instant case, Plaintiff alleges torts under Maryland law[7] when he claims that the

United States Naval Academy officials engaged in defamation and malicious prosecution during

his termination hearing, and wrongfully discharged him for inappropriate use of his government-

issued computer.  Thus, the FTCA represents the exclusive remedy for these torts pursuant to 28

U.S.C. § 2679(b)(1).  However, Plaintiff failed to file an administrative claim with the U.S.

Department of the Navy as required by 28 U.S.C. § 2675(a) before filing this action.  Thus,

because filing an administrative claim is a jurisdictional prerequisite, Plaintiff's tort claims will

be dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies.[8]  *See Ahmed*, 30

F.3d at 516; *Jones*, 2006 WL 1892272, at * 1.

### 2.  Failure to State a Claim Pursuant to 28 U.S.C. §2680(h)

Even if Plaintiff's tort claims as to defamation and malicious prosecution were not

dismissed for the failure to exhaust administrative remedies, they would be dismissed for failing

to state a claim upon which relief can be granted.

In accordance with the doctrine of sovereign immunity, an action against the federal

---

[7]     Maryland substantive law controls because the alleged tortuous conduct occurred in Annapolis, Maryland. *See* 28 U.S.C. § 1346(b)(1) (requiring that for suits brought under the FTCA, "the law of the place where the act or omission occurred" governs).

[8]     Even though *pro se* pleadings are to be liberally construed, it is still appropriate to dismiss this action for failure to first file an administrative claim.  *See McNeil*, 508 U.S. at 113 (explaining that the FTCA requirement to exhaust administrative remedies applies equally to *pro se* litigants).  In *McNeil*, the Court explained  that filing an administrative claim is not a "trap for the unwary," and commented that "[o]ur rules of procedure are based on the assumption that litigation is normally conducted by lawyers . . . . [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted as to excuse mistakes by those who proceed without counsel." *Id*.

Additionally, as to plaintiff's malicious prosecution claim, it must also be dismissed for failure to state a claim because the tort can only be alleged when a criminal action has been wrongly instigated against an individual. *One Thousand Fleet Ltd. Pshp. v. Guerriero*, 694 A.2d 952, 955 (Md. 1997).  The hearing held concerning Young's continued employment was not a criminal action. Thus it must be dismissed for failure to state a claim in addition to a failure to exhaust administrative remedies.

government can be maintained only where it has expressly consented to suit.  *See Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005).  When the United States waives its sovereign immunity, the terms of its waiver define the extent of a court's jurisdiction and a court may not extend or narrow the waiver beyond that intended by Congress.  *See United States v. Sherwood,* 312 U.S. 584, 586 (1941); *Smith v. United States*, 507 U.S. 197, 203 (1993).

The intent of Congress in enacting the FTCA was to waive sovereign immunity in a limited set of suits.  Thus, in order to bring a claim against the United States, the burden is on the plaintiff to prove that the claim is cognizable under the FTCA such that sovereign immunity has been abrogated.  *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995).  If the plaintiff fails to meet this burden, the suit must be dismissed for lack of jurisdiction.  *Medina v. United States,* 259 F.3d 220, 223 (4th Cir. 2001).

In the instant case, Plaintiff's claims for defamation and malicious prosecution will be dismissed because the FTCA specifically bars suit against the federal government as to these claims.  *See* 28 U.S.C. § 2680(h) ("Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights" is exempted from the government's waiver of sovereign immunity.); *Talbert v. United States.* 932 F.2d 1064, 1066 (4th Cir. 1991) (explaining that defamation claims, representing elements of both libel and slander, are barred by the FTCA).

Thus, in addition to all claims being barred for failure to exhaust administrative remedies, Plaintiff's claims against the United States, as the proper party, will be dismissed for failure to state a claim in accordance with the sovereign immunity of the federal government.

### 3.  Title VII Claims

In this case, Plaintiff checked a box alleging "civil rights" violations on the civil cover sheet attached to his state court complaint.  While the substance of his complaint makes no specific reference to discriminatory termination, based on a liberal construction of his *pro se* pleading, this Court will interpret this claim as one brought under Title VII.[9]

Before bringing a civil action under Title VII against a federal agency, a claimant alleging discrimination must exhaust all administrative remedies with the Equal Employment Opportunity Commission.  *See* 42 U.S.C. § 2000e-16(c); *Brown v. General Serv. Administration,* 425 U.S. 820, 832 (1976); *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir. 2000); *Zografov v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 968-69 (4th Cir. 1985). The EEO regulations mandate that before filing suit, an employee consult the agency's EEO counselor within 45 days of the accrual of the action.  *See* 29 C.F.R. § 1614.105(a)(1); *Cleaver-Bascome v. Daley*, 9 Fed. Appx. 261, 263-64 (4th Cir. 2001) (applying the 45-day requirement to an employee challenging his termination).

In this case, however, nothing in the complaint references any administrative action.  In his response brief, though, Plaintiff indicates his awareness of the EEOC's role in his action, referencing his visit to the EEOC office at the Naval Academy by stating,

> "I had gone to the EEO office at the Academy and they said I could not use it as it happened even though there was a smattering of detail that some might think leaned in the wrong direction, so counsels play on wording here I feel has no legitimate weight, you don't put words into my mouth, nor read into it what is not there, and I'll not lie for anyone."

Pl's Resp. Br. at 4.  As Plaintiff's statement makes clear, there is no level of detail provided

---

[9]     Plaintiff in his response brief has stated that he is not raising any EEO claims under Title VII, but is resting his complaint solely on tort allegations, stating, "I wish to make known this is NOT an EEO issue, was not an EEO issue even though there were a couple of events that smacked of it."  Pl's Resp. Br. at 4.

which might lead this Court to surmise that Plaintiff approached the EEOC office within the requisite 45 days.[10] Thus, even if the complaint is construed to allege a Title VII claim, such a claim will be dismissed for failure to exhaust administrative remedies.

Any Title VII claims will also be dismissed for failure to state a claim pursuant to Rule 12(b)(6) because Plaintiff entirely fails to allege the *prima facie* elements of a discrimination claim.[11] Due to this shortcoming, this Court cannot perceive whether Plaintiff is claiming retaliatory or discriminatory discharge and will not permit discovery upon such a vague assertion. Even under a liberal construction of the *pro se* Complaint, this Court cannot discern any allegations which could satisfy a *prima facie* discrimination claim, and thus will dismiss the action for failure to state a claim upon which relief can be granted. [12]

---

[10]      As such, there is no basis for this Court to toll the 45 day EEOC filing requirement, as the Fourth Circuit has held that equitable tolling is only proper when the government should be estopped from asserting the time bar or if plaintiff did not know about the time requirement. *See Nealson v. Stone,* 958 F.2d 584, 589 (4th Cir. 1992).

[11]      To establish a *prima facie* claim of retaliation under Title VII, Plaintiff must demonstrate the following: (1) that he engaged in a protected activity, (2) that the employer took an adverse action against him; and (3) that a causal connection existed between the protected activity and the adverse action. *Matvia v. Bald Head Island Mgmt.,* 259 F.3d 261, 271 (4th Cir. 2001). To establish a prima facie case of discriminatory discharge based on race, Plaintiff must show that he (1) is a member of a protected class, (2) suffered an adverse employment action, (3) at the time of the adverse employment action, he was performing at a level that met Defendant's legitimate job expectations, and (4) that the position remained open or was filled by a similarly qualified applicant outside the protected class. *See Brinkley v. Harbour Recreation Club,* 180 F.3d 598, 607 (4th Cir. 2000), *abrogation on other grounds recognized by Hill v. Lockheed Martin Logistics Mgmt., Inc.* 354 F.3d 277, 284-85 (4th Cir. 2004).

[12]      This Court does not interpret Plaintiff's Complaint as alleging a Fifth Amendment violation, although Plaintiff specifically argues that his Fifth Amendment rights were violated in his response brief. As the Government has accurately noted, however, as an employee of a nonappropriated fund instrumentality (Naval Academy Business Services Division), Plaintiff may not obtain judicial review for claimed violations of Fifth Amendment due process rights. *See Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 735-741 (1982); *Zimbelman v. Savage*, 228 F.3d 367, 371 (4th Cir. 2000); *Mann v. Haigh*, 120 F.3d 34, 38 (4th Cir. 1997); *Martorano v. Secretary of Navy*, 711 F. Supp. 204, 205 (E.D. Pa. 1988). Moreover, even if, as Plaintiff claims, he was a civil servant because he worked for the Naval Academy Business Services Division before it was converted into a non-appropriated fund instrumentality, he expressly abandoned his civil service status by accepting a promotion to a supervisory position after the initial changeover to nonappropriated fund instrumentality status. *See* Defs.' Reply, Ex. 8.

**CONCLUSION**

For the reasons set forth above, the Government's Motion to Substitute the United States as the Sole Defendant and Motion to Dismiss (Paper No. 11) is GRANTED, and Plaintiff's Motions to Admit into Evidence Materials (Paper Nos. 25, 26) are DENIED.   A separate Order follows.


Date: July 20, 2009                                    /s/_____

                                                       Richard D. Bennett
                                                       United States District Judge